IN THE UNITED STATES DISTRICT COURT

FOR THE STATE OF NEW MEXICO


ROBERT AND DEBRA GLIBOWSKI,

    Plaintiffs,

vs.

UNITED STATES OFFICE OF
PERSONNEL MANAGEMENT,

    Defendant.


<u>COMPLAINT FOR DENIAL OF MEDICAL BENEFITS</u>

    COME NOW Plaintiffs, by and through counsel, and for their Complaint state:

    1.  Plaintiffs are residents of Bernalillo County, State of New Mexico.

    2.  Defendant, United States Office of Personnel Management (hereinafter, "OPM"), is a branch of the United States Government, headquartered in Washington, D.C.

JURISDICTION:

3.  The claims filed herein relate directly to a health/medical insurance plan, and allege that the plan's procedures were violated by the carrier, Mail Handlers Benefit Plan (hereinafter "Plan"), and erroneously interpreted on review by OPM, implicitly invoking the civil enforcement provisions of the Federal Employees Health Benefits Act, 5 U.S.C. Section 8901, *et seq.*, as to which federal jurisdiction is exclusive.

4.  This Complaint is filed pursuant to 28 U.S.C. Section 1331, and is controlled by the Administrative Procedures Act, 5 U.S.C. Section 706, *et seq.*

EXHAUSTION OF REMEDIES:

5.  The Plaintiffs have sought the administrative review provided by statute and have received Right to Sue Letters from OPM dated February 11, March 10 and March 19, 2009; therefore their remedies under the Plan have been exhausted, and any further attempts at exhaustion would be futile.

GENERAL AVERMENTS:

6.  At all times material hereto, Plaintiffs, husband and wife, were insured under a healthcare policy with Mail Handlers Benefit Plan (the "Plan"), Number 4545044.

7.  In 2006 Mrs. Glibowski sought treatment for Lyme disease, was diagnosed to have Lyme disease, and was assured by Mail Handlers Benefit Plan representatives, on several occasions, that treatment by Dr. Carol Ann Ryser was covered, as an out-of-network provider, by contract for healthcare through this policy.

8.  Also during 2006, Mr. Glibowski, following diagnosis, and assurances of coverage by Mail Handlers Benefit Plan representatives, on several occasions, was also treated for the associative effects of Lyme disease, along with related hyper coagulation, H-pilori, Hypothyroid, chronic Esptein Bar, major depression, and other diagnosed matters, also by Dr. Ryser.

9.   During this time, through 2007, Plaintiffs paid all deductibles and premiums under the Plan.

10.  Up until September of 2006, Mail Handlers Benefit Plan paid most of the bills for Plaintiffs' various tests, office visits, treatments and providers.

11.  At the end of 2006, Mail Handlers Benefits Plan stopped making most of, but not all of, these payments.

12.  Mail Handlers began denying coverage for various services under the Plan in September 2006, despite assurances that the Plan would cover treatments, on a pretext of lack of documentation.

13.  The Plaintiffs have submitted voluminous treatment records over the past three years to Mail Handlers Benefit Plan, the receipt or necessity of which have, for the most part, been minimized and/or not paid.

14.  The treatments which Plaintiffs received and for which payments have been denied were both necessary and appropriate for their medical care.

15.  Only after extensive and repeated communications between Plaintiffs and the Plan, consisting of hundreds of phonecalls and hundreds of pages of documented records,

including letters of medical necessity and appropriateness of treatment, and following submittal of these disputes to Defendant OPM, the Plan incorrectly suggested that there was not a diagnosis for Lyme disease.

16. Following timely submission of materials to OPM, letters issued February 11, March 10 and March 19, 2009, from Defendant granted approximately nine percent (9%) of Plaintiffs' claims, totaling less than 1% of the dollar amount.

17. At least six (6) of the claims "approved" in these 2009 letters from OPM have yet to be paid by the Plan; at least seven (7) claims were not addressed.

18. At least four (4) of the approved claims and fifteen (15) of the "denied" claims in these 2009 letters from OPM had already been paid by the Plan, denoting haphazard review on the part of Defendant.

19. Most of the claims submitted by Plaintiffs to OPM were reviewed by medical personnel not primarily certified to diagnose or treat Lyme disease, and no reasonable explanation was given by OPM or its medical affiliates for the denial of these claims, based upon lacking either medical necessity or appropriateness.

20. The various treatments claimed as medically necessary and appropriate are documented to be normal and consistent within the national community of Lyme disease treating professionals; moreover, they have proven successful to a great degree in the cases involving these Plaintiffs.

21. The 2009 letters, including letters of July 6 and 31, responding to Plaintiffs' reconsideration requests which highlighted the inconsistencies of the February and March letters, from OPM to Plaintiffs grant a Right to Sue and acknowledge exhaustion of their administrative remedies.

22. The history of partial payments and withholding of payments by the Plan, as ratified by Defendant OPM, has occurred over time with many of Plaintiffs' healthcare providers, making it difficult for Plaintiffs to receive continuing care, to which they are entitled, and impacting their credit, to their financial detriment.

23. As a proximate result of the negligent, careless, reckless and unlawful privation of payments due from Defendant to Plaintiffs' healthcare providers, the Plaintiffs have suffered severe injury, causing Plaintiffs great mental and financial pain and suffering.

24. As a further proximate result of the negligent, careless, reckless and unlawful acts of Defendant, Plaintiffs have incurred medical, legal and incidental expenses and will incur further medical, legal and incidental expenses for the repair of their credit and their standing in this community with respect to medical care providers.

25. The actions by Defendant OPM in denying Plaintiffs' reasonable claims under the Plan denote a lack of attention to detail, failure to review substantial and voluminous evidence submitted over a considerable period of time, inconsistency in decision-making, decisions based on unsupported evidence, and are therefore arbitrary and capricious, and constitute a gross abuse of discretion.

<u>PRAYER FOR RELIEF/DAMAGES</u>

WHEREFORE, Plaintiffs seek relief as follows:

Plaintiffs pray for Judgment against Defendant OPM declaring its decisions to be arbitrary, capricious and an abuse of discretion.

Plaintiffs pray for payment by Mail Handlers Benefit Plan of their unpaid medical expenses under contract in an amount believed to be approximately $100,000.00.

Further, Plaintiffs pray for relief in the form of compensation for emotional distress in the amount of $100,000.00.

Plaintiffs seek their costs and reasonable attorneys' fees.

ELECTRONICALLY FILED:

/s/ William A. L'Esperance

_____
/s/ William A. L'Esperance
Counsellor at Law
P.O. Box 90668
Albuquerque, N.M. 87199-0668
(505) 266-8482
bclesperance@wwdb.org

- 8 -

VERIFICATION

STATE OF NEW MEXICO    )
                       )     ss:
COUNTY OF BERNALILLO   )

    My name is Robert Glibowski, and I am a Plaintiff in the above captioned Complaint.

    I have read the above Complaint and hereby declare that all the allegations thereof are true to the best of my knowledge and belief, and I acknowledge, affirm and verify all those matters of which I have personal knowledge.

    Further affiant sayeth not.

/s/
_____
ROBERT GLIBOWSKI
Plaintiff

My name is Debra Glibowski, and I am a Plaintiff in the above captioned Complaint.

I have read the above Complaint and hereby declare that all the allegations thereof are true to the best of my knowledge and belief, and I acknowledge, affirm and verify all those matters of which I have personal knowledge.

Further affiant sayeth not.

/s/
_____
DEBRA GLIBOWSKI
Plaintiff


SUBSCRIBED, ACKNOWLEDGED, VERIFIED AND SWORN TO before me by Robert and Debra Glibowski, persons known to me, this 9th day of October, 2009.


Martiana Sanchez
_____
NOTARY PUBLIC

My commission expires:
4-23-13
_____