**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ROBERT and DEBRA
GLIBOWSKI,

      Plaintiffs,

    vs.                                  Civ. No. 09-1039 MCA/KBM

UNITED STATES OFFICE OF
PERSONNEL MANAGEMENT,

      Defendant.

## <u>MEMORANDUN OPINION AND ORDER</u>

**THIS MATTER** is before the Court on Plaintiffs' Motion to Reopen Under Rule 70, FRCivPro ("Motion to Reopen"), filed January 20, 2015 [Doc. 39], and Defendant's Unopposed Motion for Extension of Time to Respond to Plaintiffs' Motion to Reopen Case ("Motion for Extension"), filed February 6, 2015 [Doc. 40].  The Court, having considered the submissions and the relevant law, and being otherwise fully advised in the premises, hereby **DENIES** Plaintiffs' Motion to Reopen without prejudice and **GRANTS** Defendants' Motion for Extension.

## <u>BACKGROUND</u>

This litigation arises out of the denial of benefits by Mail Handlers Benefit Plan ("Plan") for testing and treatments Plaintiffs Robert and Debra Glibowski ("Plaintiffs") received for Lyme disease and other ailments from Dr. Carol Ann Ryser and Health Centers of America.  The Mail Handlers Benefit Plan Brochure ("the Benefits Plan") covers Plaintiffs for particular treatments by non-preferred providers such as Dr. Ryser unless treatment is otherwise excluded.  The

Benefits Plan contains exclusions for services, drugs, or supplies that are not medically necessary and for experimental or investigational services, drugs, devices, or products.  [Doc. 23 at 2-4].

The Plan initially denied coverage for Plaintiffs' claims because of a "'lack of documentation.'"  [*Id.* at 42 (quoting Doc. 20 at 2, 25)].  Plaintiffs sought review of their claims by Defendant Office of Personnel Management ("OPM").  [*Id.* (citation omitted)].  OPM overwhelmingly agreed with the Plan's decision to deny coverage.  [*Id.*].  OPM, however, based its denial on a lack of medical necessity instead of a lack of documentation.  [*Id.*].  Plaintiffs filed suit in this Court seeking, among other things, a judgment against OPM declaring that its decisions were arbitrary, capricious, and an abuse of discretion.  [Doc. 1 at 8].

In its December 9, 2013, Sealed Memorandum Opinion and Order ("December 9, 2013, Order") [Doc. 23], the Court held that OPM supported only a small percentage of its denials of benefits with sufficient evidence and that, for the vast majority of its denials, OPM failed to articulate its reasons for denying benefits or to support those reasons with evidence.  Thus, the Court affirmed only a few of OPM's decisions to deny benefits and, for the overwhelming majority of claims denied, remanded the claims to OPM for further proceedings.  The Court instructed OPM to "allow additional evidence on the matters expressly identified [in the December 9, 2013, Order], clarify the basis for its decision, and reconsider its decision where it was not in accordance with the applicable legal standards."  [*Id.* at 101].  The Court, thereafter, closed the case.

In a letter dated January 7, 2014, OPM notified Plaintiffs' counsel that the "scope of this [remand] review [would be] challenging" and that OPM "anticipate[d] that it w[ould] take upwards of 90 days to fully complete."  [Doc. 41-2].  Furthermore, OPM explained that "[t]he volume of documents that [it] must handle and [its] current staffing concerns w[ould] affect th[e]

endeavor considerably." [*Id.*]. The January 7, 2014, letter further indicates that "[o]nce [OPM has] completed [its] review of the [December 9, 2013, Order] and the record that was before the court, [it] w[ould] notify [Plaintiffs] of the process and timeframes that OPM w[ould] follow to comply with the Order and of any follow-up that OPM may require of [Plaintiffs]." [*Id.*].

During early 2014, the parties engaged in settlement discussions. [Doc. 39 at 2, ¶ 3; Doc. 41-1 at 2, ¶ 4]. The negotiations, however, ended without settlement in mid-April of 2014. [*Id.*]. On February 22, 2014, Plaintiffs filed their Application for Fee Award pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, seeking reasonable attorney's fees and expenses. [Doc. 24]. On September 29, 2014, the Court granted in part and denied in part Plaintiffs' application for fee award. [Doc. 33].

On January 20, 2015, Plaintiffs filed their Motion to Reopen. [Doc. 39]. In support of their motion, Plaintiffs argue, among other things, that OPM failed to comply with the Court's December 9, 2013, Order, that OPM "is responsible for implementing the court's directives in the December 2013 Order," and that "nothing has been communicated to Plaintiffs or their attorney of record about [the implementation of the Court's order], to date." [Doc. 39 at 2, ¶¶ 3, 5]. Plaintiffs, therefore, ask "the Court to reopen this case in order to enforce its Orders for the specific acts enumerated therein, pursuant to . . . Rule [70]." [*Id.* at 3].

On February 4, 2015, just over two weeks after Plaintiffs filed their Motion to Reopen, OPM sent Plaintiffs' counsel a letter indicating that, "[i]n an effort to resolve the case . . . , and to comply with the December 9, 2013[,] Opinion and Order . . . remanding [Plaintiffs'] appeal . . . for further administrative action, the Office of Personnel Management (OPM) asks that [Plaintiffs] submit any and all additional documentation they feel supports their appeal for payment of services rendered . . . by close of business March 6, 2015." [Doc. 41-3 at 1]. OPM's

February 4, 2015, letter thereafter provides that, upon receipt of the documentation referenced in the Court's December 9, 2013, Order, OPM "will again have [its] medical staff review each denied service and provide a detailed response and explanation for any and all services they conclude do not meet the guidelines for medical necessity." [*Id.*].

On February 6, 2015, OPM filed its Motion for Extension requesting until February 20, 2015, to respond to Plaintiffs' Motion to Reopen. [Doc. 40]. In support of its motion, OPM asserts that it needs "additional time to confer with Agency counsel regarding the allegations presented in Plaintiff[s'] Motion," and that Plaintiffs "agree with this motion." [*Id.* at 1].

On February 20, 2015, OPM filed its response in opposition to Plaintiffs' Motion to Reopen. [Doc. 41]. In its response, OPM argues that the Court should deny the request to "reopen" because Federal Rule of Civil Procedure 70 does not authorize the relief of "reopen[ing]" a case. In the alternative, OPM contends that, if the Court construes Plaintiffs' Motion to Reopen as a request to enforce a judgment instead of as a request to reopen a case, the Court nonetheless should deny the motion because the Court's December 9, 2013, Order contains no timeframe by which OPM was required to comply and because OPM currently is taking steps to execute the order. [Doc. 41 at 1-2].

Attached to OPM's response to the Motion to Reopen is the Declaration of William T. Stuart, the Program Manager/Contracting Officer in the Healthcare and Insurance, Federal Employees Insurance Operations, Health Insurance II division of OPM. [Doc. 41-1 at 1, ¶ 1]. In his declaration, Stuart attests that the office implementing the Court's December 9, 2013, Order, is small, that the office processes an average of 70 cases per month, and that the office has a high volume of cases "due to personnel shortages and federal hiring restraints." [*Id.* at 1, ¶ 2]. Stuart

explains that these circumstances have "delayed [the office's] review of the claims commensurately." [*Id.*].

Moreover, Stuart declares that OPM "did not begin processing [Plaintiffs'] claim[s] immediately after remand because OPM and the plaintiffs attempted to resolve the matter informally, via settlement, while the plaintiffs were also asking th[e] Court to award attorney's fees." [*Id.* at 2, ¶ 4]. According to Stuart, "Those settlement talks continued until April 16, 2014, when OPM declined the plaintiffs' counter settlement offer," and "[t]he plaintiffs' fee application was denied . . . in late September of 2014." [*Id.* at 2, ¶ 4].

Finally, Stuart asserts that, to date, OPM has not received any additional documentation from Plaintiffs. [*Id.* at 2, ¶ 7]. Stuart represents that, "[i]f the plaintiffs do not submit additional evidence by March 6, 2015, OPM will resubmit all documentation and medical records to OPM's medical staff for medical recommendations no later than March 15, 2015," [*id.* at 3, ¶ 8]. Stuart asserts, "Once OPM has received the opinion of the medical reviewer and prior to issuing its final decision, to comply with the court's order . . . , OPM will provide the plaintiffs a redacted copy of the medical review and allow the plaintiffs 60 days from the date of [its] letter to rebut the findings or provide any additional information not previously submitted or reviewed." [*Id.*]. Furthermore, Stuart declares that, "[s]hould no rebuttal, additional information, or request for extension be received within 60 days, OPM will issue its final decision." [*Id.*].

On February 27, 2015, Plaintiffs filed a reply in support of their Motion to Reopen. [Doc. 42]. In their reply, Plaintiffs argue that the Court should grant their motion because OPM unreasonably delayed implementation of the Court's order for more than nine months after

settlement talks concluded and because OPM took steps to comply with the Court's order only after Plaintiffs filed their Motion to Reopen.  [*Id.* at 2].

## DISCUSSION

Plaintiffs ask the Court "to reopen this case in order to enforce its Orders for the specific acts enumerated therein" pursuant to Federal Rule of Civil Procedure 70.  [Doc. 39 at 3].  In support of their motion, Plaintiffs argue that, at the time of filing, OPM had failed to take any action "for implementing the court's directives in the December 2013 Order."  [*Id.* at 2, ¶ 5].  In response, OPM initially filed its uncontested Motion for Extension, [Doc. 40], asking the Court for additional time to respond to Plaintiffs' motion, and thereafter filed its substantive response, in which it argues that the Court should deny the motion because Plaintiffs ask the Court to reopen the case when Federal Rule of Civil Procedure 70 does not authorize this relief, [Doc. 41 at 1].  In the alternative, OPM contends that, if the Court construes Plaintiffs' motion as a request to enforce the judgment instead of a request to reopen the case, the Court nonetheless should deny the motion because the Court's order contains no deadline for compliance, OPM currently is taking steps to execute the order, and OPM therefore has not violated the order.  [*Id.* at 1-2].

As a threshold matter, the Court grants OPM's Motion for Extension because Plaintiffs have agreed to the extension and because granting the extension will not prejudice the parties or the Court.  Regarding OPM's substantive arguments, OPM correctly notes that the Court need not open this case to enforce its December 9, 2013, Order.  The Court, however, rejects OPM's invitation to deny Plaintiffs' motion based solely on the ground that Rule 70 does not authorize "reopen[ing]" a case.  Rather, the Court denies Plaintiffs' motion on the alternative ground that the Court's December 9, 2013, Order contains no deadline by which OPM was required to

perform, OPM is now complying with the order, and Rule 70 enforcement therefore is not necessary.

I.      The Court Construes Plaintiffs' Requested Relief as a Motion to Enforce an Order and not as a Motion to Reopen the Case.

Federal Rule of Civil Procedure 70 provides that "[i]f a judgment requires a party . . . to perform any . . . specific act and the party fails to comply within the time specified, the court may order the act to be done—at the disobedient party's expense—by another person appointed by the court." Fed. R. Civ. P. 70(a). The rule further provides that, "[w]hen done, the act has the same effect as if done by the party." *Id.* While Rule 70 generally "provide[s] for court clerks to issue writs in aid of judgments," it "do[es] not make mention of any need or procedure for reopening a case" as a prerequisite to enforcing a judgment. *FDIC v. Harger*, No. 89-CV-0237 JB/RLP, 2009 WL 1232087, *2 (D.N.M. Apr. 27, 2009), *vacated on other grounds by* 778 F. Supp. 2d 1123 (D.N.M. 2011). Rather, the power to enforce a judgment even after a case is closed, including the power to enforce a judgment under Rule 70, falls within a district court's continuing jurisdiction. *See id.* Thus, "'While a district court's jurisdiction typically ends when a case is closed and judgment entered, a district court retains ancillary jurisdiction to manage its proceedings, vindicate its authority, and effectuate its decrees.'" *Id.* (citing *Jenkins v. Kan. City Mo. Sch. Dist.*, 516 F.3d 1074, 1081 (8th Cir. 2008)). A district court need not reopen a case to exercise this continuing jurisdiction. *See id.* (citing *Henderson v. State of Oregon*, 203 F. App'x 45, 52 (9th Cir. 2006) (holding that when a district court has continuing jurisdiction to enforce its judgments, there is no need to reopen the case to enforce a judgment)).

The Court, however, is not persuaded by OPM's contention that it should deny the Motion to Reopen solely because Plaintiffs improperly ask the Court to "reopen" this case pursuant to Rule 70, when that rule does not authorize this relief. Plaintiffs' decision to title their

motion as one to "reopen" under Rule 70, and their passing reference to "reopen" in their request for relief, are not grounds to deny the motion.  It is clear that the primary relief Plaintiffs seek is the enforcement of the Court's December 9, 2013, Order.  Plaintiffs specifically ask the Court to "reopen this case *in order to enforce its Orders* for the specific acts enumerated therein, pursuant to . . . Rule [70]."  [Doc. 39 at 3 (emphasis added)].  Thus, the Court rejects OPM's argument that denial is appropriate based solely upon Plaintiffs' reference to the term "reopen," which is not relief contemplated by Rule 70, and instead construes Plaintiffs' motion as a request to enforce a judgment, which is relief contemplated by Rule 70.

II.   The Court Denies Plaintiffs' Motion to Reopen Because OPM has Complied with the Court's December 9, 2013, Order and Enforcement is Not Necessary.

OPM, in the alternative, asks the Court to deny Plaintiffs' Motion to Reopen on the ground that OPM has not failed to comply with the Court's Order and therefore enforcement under Rule 70 is not necessary.  OPM contends that the Court's December 9, 2013, Order did not contain a deadline by which OPM was required to act, and therefore, OPM's failure to implement the Court's order immediately after remand did not constitute a failure to comply. [Doc. 41-1 at 2, ¶ 4].  OPM explains that it waited to process Plaintiffs' claims after remand "because OPM and the plaintiffs attempted to resolve the matter informally, via settlement," and "[t]hose settlement talks continued until April 16, 2014, when OPM declined the plaintiffs' counter settlement offer."  [*Id.*].[1]  Plaintiffs, in reply, argue that the delay was unreasonable

---

[1]  OPM also contends that it delayed the implementation of the Court's order "while the plaintiffs were . . . asking th[e] Court to award attorney's fees," and notes that Plaintiffs' application for attorney's fees was not resolved until "late September of 2014."  [Doc. 41-1 at 2, ¶ 4].  While settlement negotiations could have eliminated the need to process Plaintiffs' remanded claims, litigation of Plaintiffs' fee application could not.  Thus, the Court rejects OPM's contention that its delayed implementation of Plaintiffs' claims was justified by its desire to await the resolution of Plaintiffs' fee request.

because OPM issued its February 4, 2015, letter more than nine months after the termination of settlement discussions and only after Plaintiffs filed their Motion to Reopen. [Doc. 42 at 2].

The Court agrees that a nine-month lapse between the conclusion of settlement negotiations and any act by OPM to implement the Court's order was unreasonable. That the office implementing the Court's order is small, processes an average of 70 cases per month, and has a high volume of cases "due to personnel shortages and federal hiring restraints," [Doc. 41-1 at 1, ¶ 2], is not sufficient to justify a delay of over nine months. OPM was aware of these practical considerations when it issued its January 7, 2014, letter and nonetheless estimated that, even with these impediments, it would take 90 days to process Plaintiffs' claims. [Doc. 41-2 (notifying Plaintiffs' counsel in its January 7, 2014, letter that the "scope of th[e remand] review [would be] challenging," that the "volume of documents that [it] must handle and [its] current staffing concerns w[ould] affect th[e] endeavor considerably," but that—despite these obstacles—OPM "anticipate[d] that it w[ould] take upwards of 90 days to fully complete" the review)]. The Court holds that while a three-month delay caused by the aforementioned impediments is reasonable, a nine-month delay, when accompanied by no explanation or further communication, is not.

To the extent that OPM argues that it is not responsible for the nine-month delay because it was Plaintiffs' burden to produce documents to OPM, [Doc. 41 at 4 (arguing that a "disagree[ment]" exists whether, as Plaintiffs contend, it was OPM's burden to move forward, or whether, as OPM maintains, Plaintiffs were required to "submit additional evidence in order to move forward")], and that their failure to provide OPM with documents absolved OPM of its duty to process Plaintiffs' claims, the Court is not persuaded. Plaintiffs did not have the burden to advance the processing of their claims. The Court remanded Plaintiffs' claim to OPM, and,

consistent with the Court's December 9, 2013, Order, the burden was on OPM to process Plaintiffs' claims. The Court's December 9, 2013, Order specifically provides that "this matter is remanded to *OPM*," that "*OPM* must allow additional evidence on the matters expressly identified, clarify the basis for its decision, and reconsider its decision where it was not in accordance with the applicable legal standards," that "*OPM* shall limit the additional evidence to medical evidence establishing whether the treatment, test or service in question is medically necessary or investigational or experimental," and that, "in order to fully develop the record, *OPM* must allow Plaintiffs to submit a rebuttal on the questions of medical necessity or the investigational or experimental status of a treatment, test or service, to any recommendations of an independent physician." [Doc. 23 at 101 (emphasis added)]. Thus, pursuant to the plain language of the Court's order, it was OPM's burden to process Plaintiffs' claims.

Moreover, OPM's prior letter to Plaintiffs dated January 7, 2014, explicitly informed Plaintiffs that "[o]nce [OPM has] completed [its] review of the [Court's] Opinion and the record that was before the court, [*OPM* would] notify [Plaintiffs] of the process and timeframes that *OPM* [would] follow to comply with the Order and of any follow-up that OPM *may* require of [Plaintiffs]." [Doc. 41-2 (emphasis added)]. Thus, upon remand, OPM recognized that it was *its* burden, and not Plaintiffs, to advance this case. Moreover, that Stuart attests in his declaration that OPM decided to delay processing Plaintiffs' claims pending settlement negotiations, [Doc. 41-1 at 2, ¶ 4], provides further evidence that OPM was aware that *it* was establishing the process and timeframes of claims processing on remand, not Plaintiffs, and suggests that, while *OPM* could decide to halt the process, it likewise was *OPM's* obligation to reinstate that process

once settlement discussions had ended.  Accordingly, for these reasons, the Court concludes that OPM had the burden to advance the processing of Plaintiffs' claims on remand.

Although the Court concludes that OPM's delay in processing Plaintiffs' claims was unreasonable, the Court nonetheless holds that OPM's failure to act did not violate the terms of the Court's December 9, 2013, Order.  The Court's order contained no express deadline by which OPM was required to perform the tasks identified therein, and, while the Court has no doubt that OPM's continued delay would, at some point, violate the spirit (if not terms) of the Court's order, the Court concludes that, at present, the delay of nine months does not rise to that level.

The Court is not persuaded to grant Plaintiffs' motion because OPM now is taking affirmative steps to process Plaintiffs' claims.  Specifically, in its February 4, 2015, letter, OPM invited Plaintiffs, "[i]n an effort to resolve the case . . . , and to comply with the December 9, 2013 Opinion and Order . . . remanding [Plaintiffs'] appeal . . . ," to "submit any and all additional documentation they feel supports their appeal for payment of services rendered . . . by close of business March 6, 2015."  [Doc. 41-3 at 1].  OPM further informed Plaintiffs that, upon receipt of the documentation referenced in the December 9, 2013, Order, OPM would "again have [its] medical staff review each denied service and provide a detailed response and explanation for any and all services they conclude do not meet the guidelines for medical necessity."  [*Id.*].  Moreover, in its response to Plaintiffs' Motion to Reopen, OPM has assured the Court that it will continue to process Plaintiffs' claims in an expeditious manner.  [Doc. 41 at 5].  In his declaration, for example, Stuart represents that, if Plaintiffs do not submit additional evidence by March 6, 2015, "OPM will resubmit all documentation and medical records to OPM's medical staff for medical recommendations no later than March 15, 2015."  [Doc. 41-1 at

3, ¶ 8].  Stuart explains, "Once OPM has received the opinion of the medical reviewer and prior to issuing its final decision, to comply with the court's order . . . , OPM will provide the plaintiffs a redacted copy of the medical review and allow the plaintiffs 60 days from the date of [its] letter to rebut the findings or provide any additional information not previously submitted or reviewed."   [*Id.*].   Furthermore, Stuart declares that, "[s]hould no rebuttal, additional information, or request for extension be received within 60 days, OPM will issue its final decision."  [*Id.*].

The Court concludes that because the December 9, 2013, Order contained no deadline, and because OPM currently is taking steps to implement the order, the Court need not enforce the order pursuant to Rule 70.  Accordingly, the Court denies Plaintiffs' Motion to Reopen.  The Court denies Plaintiffs' motion, however, without prejudice.  Thus, if OPM again delays the processing of Plaintiffs' claims, Plaintiffs may renew their motion to enforce the Court's December 9, 2013, Order.

**IT THEREFORE IS ORDERED** that Plaintiffs' Motion to Reopen Under Rule 70, FRCivPro, filed January 20, 2015 [Doc. 39], is **DENIED** without prejudice, and that Defendant's Unopposed Motion for Extension of Time to Respond to Plaintiffs' Motion to Reopen Case, filed February 6, 2015 [Doc. 40], is **GRANTED**.


**SO ORDERED** this 24th  day of September, 2015.


_____
M. CHRISTINA ARMIJO
CHIEF UNITED STATES DISTRICT COURT

12