IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT and DEBRA
GLIBOWSKI,

     Plaintiffs,

v.                                   No. 09-CV-1039 MCA/KBM

UNITED STATES OFFICE OF
PERSONNEL MANAGEMENT,

     Defendant.

## SEALED MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on *Plaintiffs' Application for Award of Reasonable Attorney's Fees Pursuant to 28 USC 2412(d)* [Doc. 73]. The Court, having considered the submissions, the relevant law, and being otherwise fully informed in the premises, hereby **GRANTS IN PART** and **DENIES IN PART** the *Motion*.

## BACKGROUND

Plaintiffs were denied benefits by their federal employee health benefit plan, and they appealed the denial to the Office of Personnel Management (OPM). [Doc. 23, p. 2] OPM upheld the vast majority of the denials of benefits on the ground that the treatments were not medically necessary. [Doc. 23, p. 16] On December 9, 2013, this Court entered a *Memorandum Opinion and Order* upholding some of OPM's determinations but concluding that, for the vast majority of the denials, OPM failed to submit sufficient evidence to support its decision or failed to explain the basis for its decision, and thus OPM's decision was arbitrary and capricious. [Doc. 23, p. 101] The Court remanded the

1

appeal to OPM and ordered OPM to allow additional evidence as necessary as well as to clarify the basis for its decision. [Doc. 23, p. 101] The Court also ordered OPM to fully develop the record and allow Plaintiffs to submit a rebuttal on the question of the medical necessity of the treatments. [Doc. 23, p. 101] By separate Order, the Court subsequently granted, in part, Plaintiffs' request for fees pursuant to the Equal Access to Justice Act (EAJA) associated with the appeal. [Doc. 44, pp. 15-16]

On January 20, 2015, Plaintiffs filed a *Motion to Reopen* this case. [Doc. 39] Plaintiffs submitted that their counsel had discussions with counsel for OPM in the spring of 2014 in an effort to reach a settlement, but no settlement was reached. [Doc. 39, ¶ 3] Plaintiffs further stated that they were discussing pending motions for EAJA costs and fees in 2014, and during that time the "the attorney for the Government has declined to approach OPM regarding its duties." [Doc. 39, ¶ 4] OPM responded that it was conducted proceedings on remand according to the Court's Order and, as no deadline was imposed, that it was in compliance with the Court's Order. [Doc. 41, pp. 2-3] On September 24, 2015, the Court denied the *Motion to Reopen*, reasoning that OPM was, at the time of their response, complying with the Court's Order and the Court Order did not contain a deadline. [Doc. 43, pp. 6-7, 12]

Approximately two weeks after the Court denied the *Motion to Reopen*, Plaintiffs filed a *Motion to Enforce the Court's December 9, 2013 Order*, asserting that OPM still had not complied with the Court's Order. [Doc. 45, pp. 2-3] Thereafter, OPM issued its decision on October 23, 2015, and thus OPM responded to Plaintiffs' *Motion to Enforce* by submitting that it had now complied with the Court's Order and thus the *Motion* was

moot. [Doc. 46; Doc. 46-1] Plaintiffs replied by arguing that, in reaching its decision, OPM continued to fail to comply with the Court's December 9, 2013 Order. [Doc. 49, p. 1] After additional briefing, the Court considered this argument, and agreed in part, entering a *Memorandum Opinion and Order* remanding the matter to OPM to require the plan to pay benefits for particular treatments. [Doc. 65, p. 32] However, the Court also concluded that, applying the arbitrary and capricious standard of review, OPM sufficiently articulated a rational and reasonable basis for denying benefits for the long-term administration of antibiotics to treat Lyme disease. [Doc. 65, pp. 15-16] Plaintiffs disagreed with this determination and filed a *Motion for Reconsideration.* [Doc. 66] As discussed further below, the Court denied the *Motion for Reconsideration.* [Doc. 71]

Thereafter, Plaintiffs filed the present *Application for Award of Reasonable Attorney's Fees Pursuant to 28 USC 2412(d).* [Doc. 73] Plaintiffs' counsel submitted an "Itemized Statement of Hours" within the *Application*, and asserted that OPM's position was not substantially justified. [Doc. 73, pp. 3-11] Plaintiffs did not submit contemporaneous billing records. [Doc. 73] Plaintiffs requested compensation for 142.5 hours billed by their attorney at $125.00 an hour for services rendered from March 2, 2014 through October 4, 2017. [Doc. 73, pp. 4-11]

In response, OPM does not contest that its position was not substantially justified, and thus concedes that Plaintiffs are eligible to receive fees. [Doc. 76, p. 1] OPM requests that the Court consider whether Plaintiffs' application for attorney's fees is reasonable and whether any reduction should be applied. [Doc. 76, p. 2] OPM argues that the fee request is unreasonable in several respects. First, OPM states that the request

is not supported by contemporaneous records. [Doc. 76, p. 3] Second, OPM submits that "the application only contains vague, frequently one or two word, descriptors of the work done by Plaintiffs' counsel that are inadequate to allow the Court or the United States to evaluate the propriety of the application." [Doc. 76, p. 2] Third, OPM observes that several of the tasks listed "appear to be wholly unrelated to the resolution of this matter, such as meeting with a congressman from New Jersey and emailing non-party Lyme disease interest groups to provide case status reports." [Doc. 76, p. 2] Fourth, OPM argues that several tasks were unnecessary and failed to advance the litigation. [Doc. 76, pp. 8-9] Fifth, OPM asserts that several tasks are "block-billed," despite this Court's prior *Order* explaining the potential for vagueness with such billing and potential necessity of reducing the fee award. [Doc. 76, p. 9; Doc. 33, p. 27] Finally, OPM argues that Plaintiffs should not receive attorney's fees with respect to their unsuccessful motion to reconsider. [Doc. 76, p. 10]

## ANALYSIS

### *Pertinent Standards Governing EAJA Fee Requests*

"A party seeking an award of fees and other expenses" must:

submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified.

28 U.S.C. § 2412(d)(1)(B).

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action[,] . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Once a district court concludes that the United States' position was not substantially justified and therefore the fee applicant is eligible to receive an EAJA fee award – which has already been done in this case – the court must apply the lodestar method to determine whether the fees sought are reasonable. *See Comm'r, Ins. v. Jean*, 496 U.S. 154, 161 (1990) (explaining that "the district court's task of determining what fee is reasonable [for an EAJA award] is essentially the same as [the lodestar method] described in *Hensley*" *v. Eckerhart*, 461 U.S. 424, 433 (1983)); *Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 679-80 (10th Cir. 2012) (recognizing that the United States Courts of Appeal have applied the lodestar method to determine the reasonableness of attorney's fees under various statutes and citing cases applying it to EAJA fee awards). The lodestar figure "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. The EAJA allows a statutory fee of $125.00, which is a reasonable hourly fee. 28 U.S.C. § 2412(d)(2)(A).

A fee applicant bears the burden of establishing entitlement to an award and documenting the number of hours reasonably expended as well as the hourly rates. *See U.S. v. 5,063.17 Acres of Land, More or Less, Situated in Las Animas Cnty., Colo.*, 607

F. Supp. 311, 317 n.3 (D. Colo. 1985), *rev'd on other grounds*, 836 F.2d 480 (10th Cir. 1987).

> Plaintiffs' burden in an application for attorney['s] fees is to "prove and establish the reasonableness of each dollar, each hour, above zero." [*Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1210 (10th Cir. 1986).] To meet that burden, we require that lawyers keep meticulous time records that "reveal ... all hours for which compensation is requested and how those hours were allotted to specific tasks." *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983) [*overruled on other grounds by Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 717 n.4 (1987)]. The prevailing party must make a "good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434, 103 S.Ct. at 1939–40.

*Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995). Accordingly, applicants must "submit evidence supporting the hours worked." *Hensley*, 461 U.S. at 433. Adequate evidence "must reveal[] . . . all hours for which compensation is requested and how those hours were allotted to specific tasks—for example, how many hours were spent researching, how many interviewing the client, how many drafting the complaint, and so on." *Ramos*, 713 F.2d at 553. Furthermore, billing records must contain a sufficiently detailed and meaningful description of the attorney's services to allow a district court to determine whether the hours spent were reasonable. *See, e.g., 5,063.17 Acres of Land*, 607 F. Supp. at 316, 317. Generally, "[a] single word entry such as 'conference' is inadequate," because the court "must be able to determine whether the hours spent are reasonable and not duplicitous." *Id.* at 317.

"Block billing," which occurs when an attorney "lump[s] multiple tasks into a single entry of time," *Cadena v. Pacesetter Corp.*, 224 F.3d 1203, 1214 (10th Cir. 2000), presents a problem when some entries listed are compensable while others are not. *San*

*Luis Valley Ecosystem v. U.S. Forest Serv.*, No. 04-CV-1071-MSK, 2009 WL 792257, *7 (D. Colo. Mar. 23, 2009). "Where block billing prevents the Court from identifying the reasonable time spent on a compensable task, the Court may elect to instead engage in a general, proportionate reduction of total hours claimed to ensure that noncompensable time is excluded." *Id.* (citation omitted).

### *Contemporaneous Records*

OPM objects that Plaintiffs did not submit contemporaneous billing records with their *Motion*. [Doc. 76, p. 3] This is the second time that Plaintiffs' counsel has failed to submit contemporaneous billing records. With regard to Plaintiffs' first motion for EAJA fees, filed in February of 2014, this Court ordered Plaintiffs to submit supplemental briefing, including contemporaneous time records, to support their previous motion for EAJA fees, so that the Court could determine whether the fees requested were reasonable. [Doc. 33, pp. 27-28] Although the Court explained the necessity of contemporaneous billing records previously, Plaintiffs' counsel repeated the mistake with the present *Motion for EAJA Fees*. Because Plaintiffs' counsel was already instructed regarding the requirement to submit contemporaneous records [Doc. 33, pp. 27-28], the Court will not allow Plaintiffs another chance to submit the contemporaneous records. Instead, the Court will consider the lack of contemporaneous records when considering whether the fees billed were reasonable, and, if the documentation is insufficient to warrant fees, the Court will disallow such fees. *See Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) ("[A] district court may discount requested attorney hours if the attorney fails to keep meticulous, contemporaneous time records that reveal

all hours for which compensation is requested and how those hours were allotted to specific tasks." (Internal quotation marks and citation omitted)).

### *Reasonableness of Fees*

OPM challenges the reasonableness of the fees or the hours expended on several grounds. OPM argues that Plaintiffs' descriptions of the work done "are not adequate to allow the United States to respond to, or the Court to evaluate, the fee application," citing *5,063.17 Acres of Land*, 607 F. Supp. at 316, 317.[1] [Doc. 76, p. 4] Further, with regard to certain activities where the nature of the activity can be determined, OPM argues that the activities were not related to the case[2] or the activities were unnecessary and did not advance the litigation, and thus no fee should be awarded.[3] [Doc. 76, pp. 6-8] In a related argument, OPM submits that the time record submitted also includes a handful of block-billed activity, for which activities related to the case and activity unrelated to the case are not separately billed, and thus OPM asks the Court to make a proportional reduction of the total hours claimed to ensure that non-compensable time is excluded. [Doc. 76, p. 9]

The Court agrees with the rationale behind each of OPM's arguments. The Court is able to clearly discern that some of the activities included on Plaintiffs' itemized statements were not related to or did not advance this litigation. Such activities include correspondence with Lyme disease advocacy groups, meeting with congressional representatives, and generic Lyme disease research to the extent that Plaintiffs failed to

---

[1] In the attached fee chart, the Court shortens this objection to the word "vague."

[2] In the attached fee chart, the Court shortens this objection to the word "unrelated."

[3] In the attached fee chart, the Court shortens this objection to the word "unnecessary."

demonstrate that such research was related to this case and not related to other advocacy efforts. If Plaintiffs are arguing that their attempts to enact laws supporting their views of Lyme disease are related to this case, Plaintiffs' view is far too broad. [Doc. 77, p. 3] The Court will not award attorneys' fees with regard to activity which did not advance this particular case.

In addition, there are many entries for which the Court is unable to discern whether the activity was or was not related to this case. Plaintiffs have the burden of submitting documentation which is sufficiently detailed for the Court to determine that the work was necessary, which Plaintiffs here failed to do. *See, e.g., 5,063.17 Acres of Land*, 607 F. Supp. at 316, 317 (stating that the party requesting fees must submit sufficiently detailed descriptions of the work done). For example, the itemized statement includes the following entry for March 17, 2014: "Various email/lyme organizations, research settlement, set up meeting w Gregg Skall, Susan Green in DC." In part because Plaintiffs do not explain who the referenced people are, the Court cannot discern whether the work done relates to the present case. Likewise, on May 19, 2014 is the following entry: "Lyme research." Without additional context and description, the Court does not know whether this research was related to the case at hand or to advocacy work or simply general research. Accordingly, for these activities, the Court must disallow the request for attorney's fees.

Similarly, Plaintiffs' "Itemized Statement" includes block-billed entries. However, the Court does not conclude that a proportionate reduction of all of the time requested by Plaintiffs is appropriate because the Court can reasonably determine the

amount of time spent on activities unrelated to or unnecessary to the litigation. *Robinson*, 160 F.3d at 1285 (concluding that it is not impossible to identify excessively billed hours where the Court has "information sufficient to calculate how much time was spent on those tasks"). The Court's fee chart, attached, reflects the amount of time allowed and disallowed and states the reason for the disallowance of fees.

In addition, while OPM did not object on this ground, the Court notes that Plaintiffs' counsel's itemized statement indicates he began looking for an expert after Plaintiffs' response to OPM was due. Such work was not necessary to this case, as the only proper avenue for Plaintiffs to submit an expert opinion in this case was in their response to OPM (and Plaintiffs never submitted any expert report or testimony to this Court). Accordingly, such work was unnecessary or was unrelated to the case at hand.

Finally, there are entries to which OPM objected but the Court does not agree with OPM, particularly entries in May and June of 2015, for example for "research," or studying emails, or studying various articles. While OPM objects that Plaintiffs' counsel's descriptions are vague or that the work was unrelated to the case, the Court is able to discern that these actions were taken in reference to preparing Plaintiffs' response to OPM's request for additional evidence, which was sent by Plaintiffs to OPM on June 22, 2015. Thus, the Court will award Plaintiffs' attorney's fees for such work.

### Motion for Reconsideration

OPM argues that Plaintiffs should not be awarded fees related to their unsuccessful *Motion for Reconsideration*. [Doc. 76 p. 10; Doc. 66] The Court has discretion in considering an award of attorney's fees, and may reduce an award of EAJA

fees "to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy." 28 U.S.C. § 2412(d)(1)(c); *accord Jean*, 496 U.S. at 161. "Exorbitant, unfounded, or procedurally defective fee applications—like any other improper position that may unreasonably protract proceedings—are matters that the district court can recognize and discount." *Jean*, 496 U.S. at 163. However, "absent unreasonably dilatory conduct by the prevailing party in any portion of the litigation, which would justify denying fees for that portion, a fee award presumptively encompasses all aspects of the civil action." *Dye v. Astrue*, 244 F. App'x 222, 223 (10th Cir. 2007) (unpublished opinion) (emphasis omitted) (quoting *Jean*, 496 U.S. at 161, quotation marks omitted). Thus, "[w]hile the parties' postures on individual matters may be more or less justified, the EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line-items." *Id.* (internal quotation marks and citations omitted).

As the Court expressly held in its *Memorandum Opinion and Order*, to the extent Plaintiffs advanced, for a second time, arguments they previously made, the arguments made by Plaintiffs in their *Motion to Reconsider* were inappropriate under *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). [Doc. 71, pp. 3-4] Further, while the Court construed one argument as appropriate under *Servants of the Paraclete* because the argument was made, presumably, to correct a clear error, the Court found reconsideration inappropriate because 1) Plaintiffs had not timely submitted evidence to OPM, and 2) regardless of the evidence, OPM had met its duty in explaining the basis for its decision. [Doc. 71, pp. 6-7] Thus, Plaintiffs did make unfounded arguments within

their *Motion to Reconsider*, and were not successful in any respect with regard to the *Motion to Reconsider*. As such, the Court agrees with OPM that the *Motion to Reconsider* unnecessarily protracted the litigation. Accordingly, despite Plaintiffs' partial success in the litigation, with respect to the wholly unsuccessful *Motion to Reconsider*, the Court has the discretion to discount the fee awarded and the Court finds it appropriate to exercise such discretion.

### *Outcome*

The Court sets forth, in a chart attached as "Attachment A," each fee request made by Plaintiffs, Plaintiffs' description thereof, OPM's objection, if any, whether the Court allows or disallows such fee, and a short-hand description of the basis for each ruling. The Court has explained the bases for the rulings at length herein. As set forth in Attachment A, the Court concludes that Plaintiffs are entitled to a fee award for 90.75 hours billed. Plaintiffs' counsel's hourly rate of $125.00 is reasonable and allowed by statute [Doc. 33, p. 25, n.17], and thus Plaintiffs are entitled to an award of $11,343.75.

## CONCLUSION

**WHEREFORE**, the Court **GRANTS IN PART** and **DENIES IN PART** *Plaintiffs' Application for Award of Reasonable Attorney's Fees Pursuant to 28 U.S.C. § 2412(d)* [Doc. 73]. OPM is **ORDERED** to pay Plaintiffs' attorney's fees in the amount of $11,343.75.

**SO ORDERED** this 10th day of May, 2018 in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
United States District Judge

Attachment A: Fee Descriptions, Objections and Rulings

| Date | Description | Time | Objection | Allowed/disallowed and reason |
|------|-------------|------|-----------|-------------------------------|
| 3/2/14 | 2 e-mail w LDUC | .25 | Vague; unrelated | Disallow – relationship to case not shown |
| 3/7/14 | AUSA extension request/order | .25 | | Allow |
| 3/17/14 | Various email / lyme organizations, research settlement, set up meeting w Gregg Skall, Susan Green in DC | 2.5 | Unnecessary; block bill | Disallow – relationship to case not shown |
| 3/28/14 | "" Meeting | 1.5 | Unnecessary | Disallow – relationship to case not shown |
| 4/2/14 | e-mail, Mass Lyme ass'n | .25 | Unnecessary | Disallow – relationship to case not shown |
| 4/3/14 | Attachments, spreadsheets from AUSA, study, send to Pls, AUSA extension req. | .75 | | Allow |
| 4/4/14 | Order, " " | .25 | Unnecessary | Allow |
| 4/4/14 | Get Gregg Skall PDF of 12/9/13 Order | .25 | Unnecessary | Disallow – relationship to case not shown |
| 4/4/14 | Send to various Lyme associations | 1.0 | Unnecessary | Disallow – relationship to case not shown |
| 4/9/14 | Phone calls with OPM attorney, negotiation | .5 | Unnecessary | Allow |
| 4/9/14 | Email from " " | .25 | Unnecessary | Allow |
| 4/10/14 | Various email, AUSA 3d extension | .5 | | Allow |
| 4/14/14 | Order, " " | .25 | | Allow |
| 4/14/14 | Various Lyme ass'n email | .25 | Vague, Unnecessary | Disallow – relationship to case not shown |
| 4/15/14 | " " " ", send PDF | 1.0 | Vague, Unnecessary | Disallow – relationship to case not shown |
| 4/25/14 | Receive AUSA response EAJA [31], review | 2.25 | | Allow |
| 4/25/14 | Cy to Pls | .25 | | Allow |
| 5/6/14 | Research EAJA reply | 2.0 | | Allow |
| 5/8/14 | Draft, file " " [32] | 2.0 | | Allow |
| 5/19/14 | Lyme research | 1.0 | Vague, Unnecessary | Disallow – relationship to case not shown |
| 5/20/14 | Email Gregg Skall | .25 | Vague | Disallow – relationship to case not shown |

| | | | | |
|---|---|---|---|---|
| 8/5/14 | " " research | 1.0 | Vague | Disallow – relationship to case not shown |
| 9/29/14 | Get orders, costs, read, analyze [33] | 1.0 | | Allow |
| 9/30/14 | " cy to Pls, research begin new draft of EAJA application, edit, | 3.0 | | Allow |
| 9/30/14 | Itemize in more detail | 3.0 | | Allow |
| 10/2/14 | Email pls about EAJA | .5 | | Allow |
| 10/3/14 | " " LDUC, get replies | .25 | unrelated | Disallow – relationship to case not shown |
| 10/9/14 | " | .25 | | Disallow – relationship to case not shown |
| 10/13/14 | Email AUSA re confer | .25 | | Allow |
| 10/18/14 | Amended EAJA [34] email (supplements) | 3.0 | | Allow |
| 10/20/14 | Corrections [35] and #1, #2, #3 supp. | 2.0 | | Allow |
| 11/13-16/14 | Email to/fr AUSA re EAJA | 1.0 | | Allow |
| 11/18/14 | AUSA response [37] | .25 | | Allow |
| 11/18/14 | Review | 1.0 | | Allow |
| 11/20/14 | Draft affidavit for Pls, email it | 1.0 | | Allow |
| 11/21/14 | Draft reply w affidavit & e-file [38] | 2.0 | | Allow |
| 12/5/14 | e-mail Gregg Skall | .25 | Vague | Disallow – relationship to case not shown |
| 1/20/15 | Research, draft, file Motion to Reopen [39] | 2.5 | | allow |
| 2/4/15 | OPM 2/4/15 letter from Stuart, review | 1.0 | | Allow |
| 2/4/15 | Email AUSA, pls, AUSA ext req | .5 | | Allow |
| 2/9/15 | Phone conf. AUSA, email | .5 | | Allow |
| 2/15/15 | Research (elec) | .5 | Vague; unrelated | Allow – response to OPM letter of 2/4/15 |
| 2/20/15 | AUSA files response to mtn [41] | .25 | | Allow |
| 2/20/15 | Review " | 1.0 | | Allow |
| 2/27/15 | Draft, file reply [42] | 2.0 | | Allow |
| 3/15/15 | Elect research (updates on Lyme) | 1.0 | Vague; unrelated | Disallow – relationship to case not shown |
| 4/20/15 | Elect research " " | 1.0 | Vague; unrelated | Disallow – relationship to case not shown |

| | | | | |
|---|---|---|---|---|
| 5/15/15 | OPM letter w/ attachments | .25 | | Allow |
| 5/15/15 | Review, compare charts after 2008 | 2.0 | | Allow |
| 5/15/15 | Letter, e-mail Pls | 1.0 | | Allow |
| 5/20/15 | Research | 2.0 | Vague; unrelated | Allow: Response to 5/15/15 letter from OPM requesting rebuttal of findings |
| 6/1-2/15 | 4 e-mail | .25 | | Allow: Response to 5/15/15 letter from OPM requesting rebuttal of findings |
| 6/5/15 | Phone conf. w Pls | .5 | | Allow: Response to 5/15/15 letter from OPM requesting rebuttal of findings |
| 6/6/15 | Review spreadsheets from Pls | 1.0 | | Allow: Response to 5/15/15 letter from OPM requesting rebuttal of findings |
| 6/11/15 | e-mail Pls | .25 | | Allow: Response to 5/15/15 letter from OPM requesting rebuttal of findings |
| 6/12/15 | Research re: OPM letter, attachments | 2.0 | | Allow – relates to enforcing Court's Order |
| 6/12/15 | Email Susan Green | .25 | Vague | Disallow – relationship to case not shown |
| 6/14/15 | Study e-mail fr Pls, Lyme research | .5 | Vague; unrelated | Allow: Response to 5/15/15 letter from OPM requesting rebuttal of findings |
| 6/15/15 | " " " " | 1.0 | Vague; unrelated | Allow: Response to 5/15/15 letter from OPM requesting rebuttal of findings |
| 6/16/15 | " " various articles " | 1.0 | Vague; unrelated | Allow: Response to 5/15/15 letter from OPM requesting rebuttal of findings |
| 6/19/15 | " " " " | .5 | Vague; unrelated | Allow: Response to 5/15/15 letter from OPM requesting rebuttal of findings |
| 6/22/15 | My certified letter to OPM | 2.0 | | Allow: Response to |

| | | | | |
|---|---|---|---|---|
| | w attachments | | | 5/15/15 letter from OPM requesting rebuttal of findings |
| 6/22/15 | Copy, mail | .5 | | Allow: Response to 5/15/15 letter from OPM requesting rebuttal of findings |
| 6/25-30/15 | Various e-mail, synopsis of case to LDUC | .5 | unrelated | Disallow – relationship to case not shown |
| 8/4/15 | Update LDUC on case status | .5 | unrelated | Disallow; relationship to case not shown |
| 8/18/15 | Work on finding expert w/ TASA | 1.0 | | Disallow; relationship to case not shown |
| 8/28/15 | Visit w Re. Chris Smith/staff in DC get Pat Smith info in NJ | 1.0 | unrelated | Disallow; unrelated to case |
| 9/2/15 | TASA e-mail/phone, talk w MD expert | .5 | | Disallow; relationship to case not shown |
| 9/2/15 | Research new ILADS Guidelines | 1.0 | | Allow: relating to letter 9/21-23/15 to OPM regarding "new ILADS Guidelines" |
| 9/2/15 | Various e-mail re: Guidelines | 1.0 | | Disallow; relationship to case not shown (does not state the recipient or subject of the emails) |
| 9/15/15 | e-mail, phone call w Pat Smith, " Pls, RI att'y, TASA re experts | 1.0 | Unrelated; block bill | Disallow; relationship to case not shown |
| 9/21-23/15 | Letters to OPM, certified, re ILADS Guidelines, new material | 2.0 | | Allow: letter to OPM regarding "new ILADS Guidelines" |
| 9/24/15 | Order re: motion to Reopen [43] | .25 | | Allow |
| 9/24/15 | Review ". e-mail Pls, LDUC | 2.0 | unrelated | Block billed with some unrelated; allow 1.75 hours for review & email to Pls; disallow .25 hours for email to LDUC |
| 9/24/15 | Order re EAJA, " " | .25 | | Allow |
| 9/24/15 | Review " | 1.0 | | Allow |
| 9/25/15 | E-mail to/fr AUSA (4) | .5 | | Allow |
| 9/26/15 | Walter Snow e-mail re ILADS Guidelines | .25 | | Disallow; relationship to case not shown |
| 9/28/15 | Mail, also e-mail, 2 orders to Pls | .5 | | Allow |

| | | | | |
|---|---|---|---|---|
| 9/29/15 | e-mail Pat Smith, AUSA | .25 | unrelated | Disallow: Block; some relationship not shown; otherwise vague |
| 10/8/15 | Get Pls address, e-mail | .25 | | Allow |
| 10/8/15 | Research motion to enforce | 1.0 | | Allow |
| 10/9/15 | Draft, file " " " | 2.0 | | Allow |
| 10/9/15 | Email LDUC | .25 | Vague; unrelated | Disallow; relationship to case not shown |
| 10/20/15 | Get new expert name fr TASA | .25 | | disallow – relationship to case not shown |
| 10/21/15 | Call " " discuss case | .5 | | disallow – relationship to case not shown process) |
| 10/26/15 | Get AUSA Response [46] | .25 | | allow |
| 10/26/15 | Review ", e-mail Pls, LDUC | 1.0 | Vague as to LDUC; block billed | Allow .75; disallow .25 for email to LDUC |
| 10/28/15 | e-mail AUSA (receipt of EAJA $), seek ext for my Reply, phone conf | .5 | | allow |
| 11/4/15 | Phone conf AUSA | .25 | | allow |
| 11/5-6/15 | File my ext req [47]/order [48] | 1.0 | | allow |
| 11/6-8/15 | 3 e-mail LDUC | .5 | Vague; unrelated | Disallow, relationship to case not shown |
| 11/17/15 | Research Reply, cy CD-ROM | 2.0 | | allow |
| 11/19/15 | Do, file " [49], mail to Pls | 2.25 | | Allow |
| 11/20/15 | AUSA seeks ext for sur-reply | .25 | | Allow |
| 11/23/15 | Order " [51] | .25 | | Allow |
| 11/24/15 | Mail, file CD-ROM | .25 | | Allow |
| 12/21-22/15 | e-mail, tele conf OPM att'y re: CD-ROM teleconf AUSA, ext Notice " | 1.0 | | Allow |
| 12/30/15 | e-mail to/fr Pls re " , look at original w C&H staff (can't tell source) | 1.0 | | Allow |
| 1/4/16 | AUSA files sur-reply, exhibits | .25 | | Allow |
| 1/4/16 | Download and study | 2.0 | | Allow |
| 2/18/16 | e-mail fr Susan Green, Lymeliter " to/fr Pls, study full article (NGR drops IDSA guidelines) | 1.5 | Block bill | Disallow – relationship to case not shown |

| | | | | |
|---|---|---|---|---|
| 3/3/16 | e-mail LDUC | .25 | Vague | Disallow – relationship to case not shown |
| 3/7/16 | Do, file Motion to Amend [56] re NGR guideline changes | 1.5 | | Allow |
| 3/18/16 | TASA e-mail re expert fees | .25 | | Disallow – relationship to case not shown |
| 5/4/16 | e-mail LDUC, re expert fee request | .25 | Unrelated | Disallow – relationship to case not shown |
| 7/18/16 | TASA phone and e-mail re expert MD | .25 | | Disallow – relationship to case not shown |
| 7/20/16 | Get Ct. Order to AUSA to produce AR [57], email LDUC & Pls | .75 | Unrelated as to LDUC | Allow .5; Disallow .25 as to LDUC |
| 8/2-3/16 | e-mail to/fr AUSA re response, motion to seal AR, portions, get motion [58] and AR portions [59], read, UNM research | 2.0 | | Allow |
| 8/5/16 | Do, file my response [60] | 2.0 | | Allow |
| 8/5/16 | e-mail to/fr AUSA re missing pages | .5 | | Allow |
| 8/5/16 | e-mail fr Jenna L-T | .25 | | Disallow – relationship to case not shown |
| 8/15/16 | Lyme research fr " read, study | 1.0 | Vague; unrelated | Disallow – not shown to be related to the case |
| 8/17-18/16 | " " fr various Lyme organ's | 1.0 | Vague; unrelated | Disallow – not shown to be related to the case |
| 8/17-18/16 | Get approve ext fr AUSA (reply) | .25 | | Allow |
| 8/24-25/16 | e-mail various Lyme organizations | .5 | Vague | Disallow – not shown to be related to the case |
| 9/4-5/16 | LDUC e-mail | .25 | unrelated | Disallow – not shown to be related the case |
| 9/6/16 | Tuttle e-mail, CDC corruption (OPM recognizes chronic Lyme) | .25 | | Disallow – relationship to case not shown |
| 9/6/16 | Oregon Lyme legislation research | .25 | unrelated | Disallow – relationship to case not shown |
| 9/6/16 | Research, draft Reply re Seal [62] | 2.0 | | Allow |
| 9/7/16 | Discuss w AUSA, ext [63] | .25 | | Allow |
| 9/9/16 | e-mail LDUC, Jenna, Theresa (Oregon) R.I. Atty's, Mass organizations | .5 | Vague; unrelated | Disallow – relationship to case not shown |

| | | | | |
|---|---|---|---|---|
| 9/13/16 | Research, study various Lyme e-mail | 1.0 | Vague | Disallow – relationship to case not shown |
| 9/13/16 | Get Order re seal [64] | .25 | | Allow |
| 9/19/16 | e-mail various Lyme organ. Re R.I. trip | .5 | | Disallow – relationship to case not shown |
| 9/20/16 | Get, read Order granting/denying claims [65], circulate copies | 1.0 | | Allow .75; Disallow .25 for "circulate copies" as recipient(s) not identified |
| 9/20/16 | Study Order, take notes | 1.0 | | Allow |
| 9/21-22/16 | e-mail to/fr Jenna, Lyme research | 1.0 | Vague | Disallow – relationship to case not shown |
| 9/22-23/16 | " " LDUC, " " | .5 | Vague; unrelated | Disallow – relationship to case not shown |
| 9/30/16 | e-mail to/fr Pls, attachments ($$ evaluations), do my analysis ($$) | 2.0 | | Allow |
| 9/30/16 | e-mail to/fr AUSA re OPM ($$) | .25 | | Allow |
| 10/3/16 | e-mail LDUC, Oregon, Jenna (2) | .5 | Vague; unrelated | Disallow – relationship to case not shown |
| 10/6/16 | e-mail AUSA re payments, interest | .25 | | Allow |
| 10/12/16 | " " " my 2015 September letters | .25 | | Allow |
| 10/12/16 | " fr OPM att'y re 10/6/16 questions | .25 | | Allow |
| 10/16-17/16 | LDUC e-mail, research Motion reconsid. | 4.25 | Vague (part of block bill); unrelated; Mtn Reconsider not successful | Disallow: LDUC = not relevant; research is too vague; mtn reconsider; not successful |
| 10/17/16 | Motion for reconsideration, [66] file | 2.0 | Mtn reconsider not successful | Disallow - related to mtn reconsider; not successful |
| 10/24/16 | Give OPM new Pls address for payments | .5 | | Allow |
| 10/25/16 | e-mail fr LDUC, Jenna | .25 | Vague | Disallow – not shown to be related to the case |
| 11/3/16 | Calls re AUSA ext [67] | .25 | Mtn reconsider not successful | Disallow - related to mtn reconsider; not successful |
| 11/10/16, 11/14/16 | Draft EAJA motion(s), e-mail | 3.25 | | Allow |
| 11/22/16, 11/23/16 | Various e-mail, rec discrepancies | 1.25 | Vague | Disallow – relationship to case not shown |
| 11/22/16, 11/23/16 | Rec and study AUSA Response, " | 3.0 | Mtn reconsider not successful | Disallow - related to mtn reconsider; not successful |

| | | | | |
|---|---|---|---|---|
| 11/28/16 | Get extension Okd, file Notice [69] | 1.0 | Mtn reconsider not successful | Disallow - related to mtn reconsider; not successful |
| 12/18/16, 12/19/16 | Research, draft [Reply], file [70] | 3.0 | Mtn reconsider not successful | Disallow - related to mtn reconsider; not successful |
| 12/21/16 | e-mail Glibowskis | .5 | | Disallow – relationship to case not shown |
| 1/2/17 | e-mail Glibowskis | .25 | | Disallow – relationship to case not shown |
| 1/2/17 | Study discrepancies | 1.0 | Anything beyond status updates unwarranted | Disallow – relationship to case not shown |
| 1/30-31/17 | e-mail, research " | .5 | Anything beyond status updates unwarranted | Disallow – relationship to case not shown |
| 9/11/17 | e-mail, phone conversations re Lyme conf | .5 | Vague; unrelated | Disallow – relationship to case not shown |
| 9/22/17 | Rec Final Judgment/Order [71, 72] | .25 | Mtn reconsider not successful | Disallow - related to mtn reconsider; not successful |
| 9/23/17 | Study ", transmit copy | 1.5 | Mtn reconsider not successful | Disallow - related to mtn reconsider; not successful |
| 9/27-28/17 | e-mail to/from Glibowski | .5 | Mtn reconsider not successful | Disallow - related to mtn reconsider; not successful |
| 10/2/17 | Phone conf Glibowskis | 1.0 | Mtn reconsider not successful | Disallow - related to mtn reconsider; not successful |
| 10/3, 4/17 | e-mail AUSA | .25 | | Disallow – relationship to case not shown |
| | Total Hours Requested | 142.5 | | |
| | Total Hours Disallowed | 51.75 | | |
| | Total Hours Allowed | 90.75 | @ $125.00/hr | Fee allowed: $11,343.75 |